NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0802n.06

Case No. 13-2699

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOSEPH LITTLE, | ) | |
| | ) | **FILED** |
| | ) | Oct 23, 2014 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BELLE TIRE DISTRIBUTORS, INC., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | **OPINION** |

**BEFORE: MOORE and McKEAGUE, Circuit Judges; STAFFORD District Judge.**[*]

**PER CURIAM.** Plaintiff Joseph Little appeals the district court's grant of summary judgment in favor of his employer, Defendant Belle Tire Distributors, Inc. Little brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., seeking unpaid overtime compensation. For the reasons that follow, we vacate the order granting summary judgment and remand for further proceedings.

**I.**

Belle Tire hired Little in June 2006 as a tire technician. Little was promoted to First Assistant Manager in February 2009. Little has been First Assistant Manager at several Belle Tire stores in Michigan. As First Assistant Manager, Little is on salary and currently makes

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

$1,100 semimonthly after a raise in 2011. Little is also eligible for monthly and yearly bonuses based on store performance.

Belle Tire's job description states that a First Assistant Manager must show proficiency in "Professional Selling Skills," "inventory control and pricing," as well as "knowledge of location payroll control." The job description further states that a First Assistant Manager should have "necessary supervisory skills" and "managerial skills" and be "fully knowledgeable" of "hiring and termination procedures."

The key evidence in support of Belle Tire's motion for summary judgment was Little's deposition. Though Belle Tire provided deposition testimony and sworn declarations from Jeffrey Kruse, a Belle Tire corporate vice-president, Kruse was a member of corporate management and did not work directly with Little. His statements appear to shed light on what First Assistant Managers do generally but not on what Little did in practice. Belle Tire also provided the sworn declarations of two Store Managers, Joseph Prior and Ryan Scaglione. These declarations speak generally about Little's responsibilities and collectively refer to two interviews and a handful of training sessions involving Little. In his deposition, Little testified that the two interviews were brief, minute-long exchanges and that the training sessions were on topics selected by the company using videos and forms also prepared by the company. On a single occasion Little gathered technicians for a five-minute refresher on teamwork.

Ultimately, Belle Tire seeks to paint Little as influential in hiring and as actively leading employee training and other management tasks. Little, on the other hand, seeks to characterize himself as a salesman who provides clerical-type assistance to his store manager.

## II.

Little appeals the district court's grant of summary judgment in favor of Belle Tire. Little claims that the district court erred in granting summary judgment because there were genuine issues of material fact regarding whether Little was an executive or administrator exempt from overtime compensation.

We review the district court's grant of summary judgment de novo. *Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 628 (6th Cir. 2008). "In reviewing a motion for summary judgment, we view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Prebilich-Holland v. Gaylord Entm't Co.*, 297 F.3d 438, 442 (6th Cir. 2002). In order for a nonmoving party to survive summary judgment, the party must present specific facts showing a triable issue. *Staunch*, 511 F.3d at 628.

Some employees are not eligible for overtime compensation under the FLSA because they fall within certain exemptions to the FLSA. 29 U.S.C. § 213. The district court found that Little fell within the executive exemption and, alternatively, the administrative exemption. *Id.* § 213(a)(1). Exemptions "are to be narrowly construed against the employers seeking to assert them." *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). Although the defendant must prove by "clear and affirmative evidence" that an employee falls within an exemption, the evidentiary burden of summary judgment remains unchanged. *Thomas*, 506 F.3d at 502 (quoting *Renfro v. Indiana Michigan Power Co.*, 497 F.3d 573, 576 (6th Cir. 2007)).

**III.**

Section 207 of the FLSA requires overtime compensation, but "section 207 ... shall not apply with respect to ... any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

> "Executive" is defined as an employee: (1) "Compensated on a salary basis at a rate of not less than $455 per week;" (2) "Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;" (3) "Who customarily and regularly directs the work of two or more other employees;" and (4) "Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100.

There is no dispute that Little meets the first statutory factor because he makes a salary of more than $455 per week. However, genuine disputes do exist regarding the other factors. Though it is clear Little played some role in interviewing job candidates, preparing work schedules, and conducting training, questions remain concerning the exact nature of the work Little performed and the level of discretion that Little exercised. Such questions are suitable for a factfinder's determination. *See Henry v. Quicken Loans, Inc.*, 698 F.3d 897, 901 (6th Cir. 2012) (citing *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 829 (10th Cir. 2012) (concluding that the primary-duty determination is a factual one suitable for factfinder)). For example, though Prior averred that Little "was often responsible for running the work order board," Little testified that *every* salesperson who worked at the counter had equal responsibility for placing jobs on the work order board. Further, transcribing customer requests and placing them on a work board does not necessarily involve an act of discretion or any supervision of the technician fulfilling a request. As a second example, though Little did prepare the weekly work schedule, Little also testified that preparing the schedule was a clerical, nondiscretionary task—inputting requested time-off into a default schedule and submitting that schedule to a Store

Manager for approval. Because Little introduced testimony suggesting his job functions were clerical or otherwise highly circumscribed by his supervisor, we cannot say the record clearly and affirmatively establishes that Little fell within the executive exemption.

## IV.

The administrative exemption applies when an employee meets the following factors:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week ... (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.2009(a)(2).

The salary factor is undisputed; however, genuine disputes exist over the other factors. The FLSA regulations explicitly provide that "selling a product in a retail or service establishment" is not "work directly related to the management or general business operations of the employer." *Id.* § 541.201(a). Although Little engages in office and non-manual tasks such as typing up the schedule and preparing purchase orders, Little testified that he spends eighty to ninety percent of his time engaged in sales duties. Time spent on a task is not the sole determinant of a primary duty, but the fact that Little spent the vast majority of his time on tasks he could not do concurrently with administrative tasks creates a genuine dispute as to whether his administrative responsibilities were his "primary duty." Additionally, Little's deposition—the most detailed account of his day-to-day activities—suggests that Little's discretion was highly constrained. For example, Little testified that he submitted purchase orders but that the vendors were chosen by Belle Tire and that quantities were based on stock levels in the store or were decided by corporate management.

**V.**

Accordingly, we VACATE the judgment of the district court and REMAND the case for further proceedings.